IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs November 10, 2010

## STATE OF TENNESSEE v. DARRELL ANTHONY JONES

**Direct Appeal from the Criminal Court for Davidson County**
**No. 2005-C-2127 & -2302      Monte Watkins, Judge**

_____

**No. M2010-00162-CCA-R3-CD - Filed May 24, 2011**

_____

Appellant, Darrell Anthony Jones, was charged in two separate indictments by the Davidson County Grand Jury for one count of possession of cocaine with intent to sell or deliver, two counts of possession of marijuana with intent to sell or deliver, one count of possession of a firearm by a convicted felon, one count of criminal impersonation, and one count of driving on a suspended, revoked, or canceled driver's license. Appellant pled guilty to one count of felony possession of cocaine and one count of felony possession of marijuana, for a total effective sentence of four years. The remaining counts were dismissed. Pursuant to the plea agreement, the sentences were suspended, and Appellant was placed on four years of supervised probation. A probation violation warrant was filed. After a hearing, the trial court determined that Appellant had violated the terms of his probation and imposed a sentence of one year to serve, after which Appellant was to be reinstated to probation for three years. Appellant contends on appeal that the evidence did not support the finding that he violated the terms of his probation. After a thorough review of the record, we conclude that the trial court properly revoked Appellant's probation. Accordingly, the judgment of the trial court is affirmed.

**Tenn. R. App. P. Appeal as of Right; Judgment of the Criminal Court Affirmed**

THOMAS T. WOODALL, J., delivered the opinion of the Court, in which JAMES CURWOOD WITT, JR. and ALAN E. GLENN, JJ., joined.

Kenneth Quillen, Nashville, Tennessee, for the appellant, Darrell Anthony Jones.

Robert E. Cooper, Jr., Attorney General and Reporter; Clark B. Thornton, Assistant Attorney General; Victor S. (Torry) Johnson III, District Attorney General; and Debbie Housel, Assistant District Attorney General, for the appellee, the State of Tennessee.

**OPINION**

## I. Background

In August of 2005, Appellant was indicted by the Davidson County Grand Jury for one count of possession of cocaine with the intent to sell or deliver, one count of possession of marijuana with the intent to sell or deliver, and one count of felon in possession of a weapon. In September of 2005, Appellant was indicted by the Davidson County Grand Jury for one count of possession of marijuana with the intent to sell or deliver, one count of criminal impersonation, and one count of driving on a suspended, revoked, or cancelled license.

Appellant subsequently entered into a negotiated plea agreement in which he pled guilty to one count of possession of cocaine, a class C felony, and one count of possession of marijuana, a class E felony. Appellant was sentenced to three years for the possession of cocaine conviction and one year for the possession of marijuana conviction. The sentences were ordered to run consecutively, for a total effective sentence of four years. The trial court suspended the sentence and placed Appellant on four years of supervised probation.

On October 29, 2009, a probation violation warrant was issued, alleging that Appellant had violated the conditions of probation by: (1) getting arrested on October 14, 2009 for possession of a controlled substance and possession of drug paraphernalia; and (2) failing to report the arrest to his probation officer. The warrant was amended on December 8, 2009, to reflect that Appellant was also arrested for driving under the influence ("DUI") on December 3, 2009.

The trial court held two hearings on the violation of probation warrants. At the hearings, Officer Timothy Morgan testified that he came into contact with Appellant on October 14, 2009. Another officer had a suspect detained during a traffic stop and the suspect called Appellant to have him drive the car away from the scene. Appellant "appeared on the scene in his vehicle" and parked near the scene of the stop. Officer Morgan asked Appellant why he was on the scene and asked to see his driver's license. After running Appellant's license through the system and seeing a "history of possession, probation violations," Officer Morgan asked to search the vehicle. Appellant consented to a search of his person and vehicle. During the search, a "marijuana grinder" was found in the glove compartment of the car. There was residue, including seeds, inside the grinder. Appellant claimed that he was unaware the items were in the glove compartment and that it was not his vehicle but belonged to his girlfriend. Appellant was arrested. Later, Officer Morgan discovered that Appellant was not the registered owner of the vehicle.

Jessica Caine, Appellant's probation officer, testified at the hearing. Ms. Caine took out the probation violation warrant after learning of Appellant's arrest for simple possession and possession of drug paraphernalia. Ms. Caine spoke to Appellant by phone on October 16, 2009, and he failed to mention the arrest. Appellant told Ms. Caine of the arrest when they met in person ten days later.

Ms. Caine was aware of Appellant's prior probation violation in 2008. In the previous case, Appellant was arrested for felony possession of a controlled substance. Similarly, the facts indicated that Appellant was driving a borrowed car and claimed he had no idea that there were drugs in the vehicle.

Appellant testified at the hearing that he did not report his arrest when he first talked to Ms. Caine on the phone. Appellant informed the court that his "conversation was short and brief" and that he wanted to tell her about the arrest in person.

Appellant recounted the circumstances surrounding the arrest. According to Appellant, he was called by his cousin to take custody of a vehicle. Appellant was driving his girlfriend, Lakesha Welsh's car. He had driven the car on a previous occasion but did not know that there was a "grinding contraption" in the car. Appellant insisted that the grinder did not belong to him.

On cross-examination, Appellant admitted a prior probation violation warrant but denied trying to blame the present incident on his girlfriend. Appellant stated that he was arrested for DUI on December 2, 2009, because he smelled of marijuana and alcohol. He told the officer on that occasion that he had not had anything to drink or smoke and that the marijuana smell was coming from other people in the car that were smoking. Appellant claimed he got the DUI because he "was on medication, Lortabs." Appellant testified at the second hearing that he had one beer at his house prior to getting pulled over.

On December 2, 2009, Appellant was arrested by Metro Police Officer Robert Richards. Officer Richards recalled that there was an "obvious odor of an alcoholic beverage . . . about [Appellant's] person [and] from his breath." Officer Richards also detected an odor of marijuana as well as Appellant's "watery, bloodshot eyes." In short, Appellant appeared "intoxicated to me." Appellant slurred his speech when he spoke to the officer. Officer Richards testified that Appellant's performance on field sobriety tasks showed obvious signs of impairment. Appellant admitted that he had taken Lortab earlier in the night.

Officer Richards could not determine the type of alcohol that Appellant had been drinking and admitted that the scent of marijuana could have come from people that were

smoking around Appellant. Officer Richards believed Appellant to be under the influence of alcohol and marijuana.

Lakesha Welch testified that she was the owner of the car in which the marijuana grinder was found. She claimed that her cousin borrowed the car over the weekend and she did not check the car when it was returned.

At the conclusion of the hearing, the trial court sustained the violations and ordered Appellant to serve one year of his sentence prior to being reinstated to probation. Appellant filed a motion to correct the judgments in order to clarify whether Appellant was to be reinstated to probation. The trial court entered corrected judgments, ordering Appellant to serve one year prior to being reinstated to probation.

Appellant filed a timely notice of appeal.

## II. Analysis

On appeal, Appellant claims that the record contains no substantial evidence to support the revocation of probation. Specifically, Appellant contends that the "proof was insufficient to aggregate to a preponderance." The State disagrees.

A trial court may revoke a sentence of probation upon a finding by a preponderance of the evidence that the defendant has violated the conditions of his release. T.C.A. § 40-35-311(e); *Stamps v. State*, 614 S.W.2d 71, 73 (Tenn. Crim. App. 1980). Once a trial judge has determined a violation of probation has occurred, the trial judge retains discretionary authority to order the defendant to: (1) serve his sentence in incarceration; (2) serve the probationary term, beginning anew; or (3) serve a probationary period that is extended for up to an additional two years. *State v. Hunter*, 1 S.W.3d 643 (Tenn. 1999). A revocation will be upheld absent a showing that the trial court abused its discretion. *State v. Harkins*, 811 S.W.2d 79, 82 (Tenn. 1991). In order to establish that the trial court has abused its discretion, the defendant must show that there is no substantial evidence to support the determination that he violated his probation. *Id.* (citing *State v. Grear*, 568 S.W.2d 285, 286 (Tenn. 1978); *State v. Delp*, 614 S.W.2d 395, 398 (Tenn. Crim. App. 1980)). Relief will be granted only when "'the trial court's logic and reasoning was improper when viewed in light of the factual circumstances and relevant legal principles involved.'" *State v. Shaffer*, 45 S.W.3d 553, 555 (Tenn. 2001) (quoting *State v. Moore*, 6 S.W.3d 235, 242 (Tenn. 1999)). Upon finding a violation, the trial court may "revoke the probation and suspension of sentence and cause the defendant to commence the execution of the judgment as originally entered." T.C.A. § 40-35-311(e). Furthermore, when probation is revoked, "the original judgment so rendered by the trial judge shall be in full force and effect from the date of the

revocation of such suspension." *Id.* § 40-35-310. The trial judge retains the discretionary authority to order the defendant to serve the original sentence. *See State v. Duke*, 902 S.W.2d 424, 427 (Tenn. Crim. App. 1995). This Court has held "that an accused, already on probation, is not entitled to a second grant of probation or another form of alternative sentencing." *State v. Jeffrey A. Warfield*, No. 01C01-9711-CCA-00504, 1999 WL 61065, at *2 (Tenn. Crim. App., at Nashville, Feb.10, 1999), *perm. app. denied* (Tenn., June 28, 1999).

The trial court heard proof at the hearing that Appellant was arrested for possession of drugs and drug paraphernalia and failed to report those arrests to his probation officer. Additionally, the trial court heard proof that Appellant committed and was later arrested for DUI. This proof was more than sufficient for the trial court to determine that Appellant violated the terms of his probation. Moreover, Appellant himself admitted that he failed to immediately report his arrest to his probation officer. This admission alone would be enough to establish a violation of probation. *State v. Johnson*, 15 S.W.3d 515, 518 (Tenn. Crim. App. 1999). The proof at the hearing does not preponderate against the judgment of the trial court.

Finally, Appellant seems to argue that the trial court erred by reinstating him to probation after the service of a jail sentence. Appellant does not support this argument with authority, so it is waived. *See* Tenn. R. App. P. 27(a)(7)(A). Nevertheless, the trial court has the authority to impose a sentence of split-confinement. T.C.A. § 40-35-306; *State v. Beard*, 189 S.W.3d 730, 736-37 (Tenn. Crim. App. 2005).

Based on our review of the record, we conclude that the trial court did not abuse its discretion in finding that Appellant had violated the conditions of his probation and ordering him to serve one-year in confinement prior to being reinstated to probation.

## CONCLUSION

For the foregoing reasons, the judgment of the trial court is affirmed.

_____
THOMAS T. WOODALL, JUDGE